IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| F.O.R. ROOFING CONTRACTOR, INC., <br><br> **Plaintiff**, <br><br> v. <br><br> AQUA GULF EXPRESS, INC.; d/b/a AQUA-GULF TRANSPORT, INC., <br><br> **Defendant**. | Civil No. 13-1920 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is defendant Aqua Gulf Express, Inc.'s unopposed motion to dismiss. (Docket No. 13.) For the reasons discussed below, the Court **DENIES** the motion to dismiss.

**I. BACKGROUND**

On May 20, 2011, plaintiff F.O.R. Roofing Contractor, Inc. ("F.O.R.") contracted the transportation services of defendant Aqua Gulf Express, Inc. ("Aqua"). (Docket No. 13 at ¶ 5.) Pursuant to the contract, defendant Aqua agreed to ship roof sealant materials for plaintiff F.O.R. from Puerto Rico to a supplier in the United States. (Docket No. 11-37 at ¶ 5.) Plaintiff F.O.R. alleges that defendant Aqua was advised that F.O.R. might lose a considerable amount of money if the materials were not delivered in perfect condition. Id. at ¶ 6. On May 20, 2011, the same day that the

---

[1] Elizabeth Barreto, a third-year law student at the University of Puerto Rico School of Law, assisted in the preparation of this memorandum.

Civil No. 13-1920 (FAB)                                                    2

services were contracted, defendant Aqua delivered a trailer to plaintiff F.O.R., F.O.R. loaded the trailer with the roofing materials, and the trailer was delivered to a terminal in San Juan, Puerto Rico.  (Docket No. 13 at ¶¶ 6-7.)  A vessel with the shipment departed San Juan on May 24 and arrived in Jacksonville, Florida, on May 31, 2011.  Id. at ¶ 8.  Key Cargo picked up the shipment on June 8 and delivered it to Firestone in Indianapolis, Indiana, on June 14, 2011.  Id. at ¶¶ 8-9.

On December 20, 2012, plaintiff F.O.R. filed a complaint in the Puerto Rico Court of First Instance, San Juan Superior Division, alleging contractual damages.  (Docket No. 11-1.)  Plaintiff F.O.R. alleges that defendant Aqua breached the contract by delivering the materials "in an extremely bad condition," and that the supplier did not accept the materials.  Id. at p. 2.  As a result of defendant Aqua's negligence, plaintiff F.O.R. claims to have suffered damages totaling $19,800.  Id.  Plaintiff F.O.R. also claims that Aqua's failure to pay F.O.R. for F.O.R.'s losses caused an additional $15,000 in damages.  Id.

Plaintiff F.O.R. served an individual who was thought to be defendant Agua's authorized agent with the summons and complaint on December 21, 2012, in San Juan, Puerto Rico.  (Docket No. 11-2.)  On March 8, 2013, defendant Aqua moved the Puerto Rico Court of First Instance to dismiss the complaint for insufficient service of process.  (Docket No. 11-11.)  Defendant Aqua claimed that its

offices are located in Florida, that it does not have an office in Puerto Rico, and that it does not have an agent authorized to receive process at the Puerto Rico address where plaintiff F.O.R. attempted service of process.  *Id.* at ¶¶ 3-4.  The Puerto Rico Court denied the motion to dismiss on April 24, 2013, (Docket No. 11-17), but then reopened the issue in a resolution dated July 10, 2013 (Docket No. 11-29).  On September 9, 2013, plaintiff F.O.R. filed an amended complaint in the Puerto Rico Court of First Instance, San Juan Superior Division, correcting defendant Aqua's name and adding its Florida address, but not conceding that the original service of process was insufficient.  (Docket No. 11-37.)  On November 14, 2013, plaintiff F.O.R. served the Secretary of State to notify defendant Aqua pursuant to article 13.14 of the Puerto Rico Corporations Act.  (Docket No. 11-47.)

On December 16, 2013, defendant Aqua filed a petition for removal of the case to this Court pursuant to 28 U.S.C. §§ 1333, 1337, 1441.  (Docket No. 1.)  Accordingly, the Puerto Rico Court of First Instance dismissed the claim in that Court without prejudice.  (Docket No. 11-50.)  On June 26, 2014, defendant Aqua moved this Court to dismiss the claim, asserting that plaintiff F.O.R.'s claim is barred by the eighteen-month statute of limitations provided in 49 U.S.C. § 14705(a).  (Docket No. 13.)  Plaintiff F.O.R. has not opposed the motion.

Civil No. 13-1920 (FAB)                                                   4

## II.  MOTION TO DISMISS STANDARD

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)).  Dismissal is appropriate where "the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel." Trans-Spec Truck Serv., Inc., 524 F.3d at 320 (internal citations omitted).

## III.  DISCUSSION

Defendant Aqua avers that, pursuant to 49 U.S.C. § 14705(a), actions by and against carriers accrue on delivery and have an eighteen-month statute of limitations.  (Docket No. 13 at ¶ 10.) Section 14705(a) states as follows:  "A carrier providing transportation or service subject to jurisdiction under chapter 135 must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues."  49 U.S.C. § 14705(a).  "When the statutory language is plain and unambiguous, 'judicial inquiry is complete, except in

Civil No. 13-1920 (FAB)                                                        5

rare and exceptional circumstances.'"  Mullane v. Chambers, 333 F.3d 322, 330 (1st Cir. 2003) (quoting Rubin v. United States, 449 U.S. 424, 430 (1981)).  Section 14705(a) unambiguously applies exclusively to actions brought by carriers to recover charges, see 49 U.S.C. § 14705(a), and defendant Aqua cites to no authority in its motion to dismiss that indicates otherwise.  Here, plaintiff F.O.R. is not a carrier but rather contracted the services of a carrier and now brings an action against that carrier, defendant Aqua.  See Docket No. 11-37 at ¶¶ 2, 5.  Additionally, plaintiff F.O.R. seeks not to recover charges, but rather to recover damages allegedly caused by defendant Aqua's negligence and breach of contract.  Id. at ¶¶ 7-10.  Thus, section 14705(a) does not apply to plaintiff F.O.R.'s claim, so defendant Aqua's reliance on the eighteen-month statute of limitations provided in section 14705(a) is unavailing.  Without additional pleadings from the parties, the Court declines to *sua sponte* identify and analyze the applicable statute of limitations for this cause of action.  Defendant Aqua does not offer any additional grounds for dismissal in its motion to dismiss, (Docket No. 13).  The Court therefore **DENIES** defendant Aqua's motion to dismiss.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, October 16, 2014.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE